## BOND ET AL. v. MOORE.

The order of the President of the United States of April 29, 1865 (13 Stat. 776), removed, from that date, all restrictions upon commercial intercourse between Tennessee and New Orleans; and neither the rights nor the duties of the holder of a bill of exchange, drawn at Trenton, Tenn., which matured in New Orleans before June 13, 1865, were dependent upon, or affected by, the President's proclamation of the latter date (id. 763).

ERROR to the Supreme Court of the State of Tennessee.

This is an action commenced in the Circuit Court of Haywood County, Tenn., against the defendant in error as indorser of a bill of exchange drawn at Trenton, Tenn., Feb. 13, 1862, upon a firm in New Orleans, La., and payable four months after date. The bill was not presented in New Orleans until June 20, 1865, when, payment being refused, the plaintiff caused it to be protested.

In their declaration the plaintiffs averred that the earlier presentation of the bill in New Orleans was prevented by the obstructions of war, and the interruption of intercourse between their place of residence and that of the drawees.

Among other defences the defendant interposed a plea that the bill was not presented within a reasonable time after the removal of such alleged obstructions.

The plaintiffs asked the court to charge the jury that the bill of exchange could not have been legally presented for payment until after the 13th June, 1865, the date of the proclamation of President Johnson restoring Tennessee to commercial relations with the United States; that if the jury find that, after that date, the plaintiffs exercised reasonable diligence to have the bill presented to the drawees, and did so present it, and demand payment, which was refused, and that thereupon the same was protested for non-payment, and notice thereof given to the indorser, — they must find for the plaintiffs.

The court refused so to charge, but charged in substance that the impediment of non-intercourse between the State of Tennessee and the city of New Orleans — an impediment interposed by the existence of the war of the rebellion, and during which the necessity of presenting the bill for payment was suspended — was removed and ceased to exist when there was an actual cessation of hostilities; and that the time when this actual cessation occurred was a question to be decided by the jury from the proof before them.

There was a verdict for the defendant. The judgment thereon was affirmed by the Supreme Court of the State; whereupon the case was brought here.

*Mr. Edward J. Read* for the plaintiffs in error.

*Mr. Richard T. Merrick, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The only question in this record which we are asked to consider is as to the effect of the President's proclamation of June 13, 1865, 13 Stat. 763, upon the rights and duties of parties to commercial paper, residing respectively during the late civil war in Tennessee and New Orleans, when the paper matured after the occupation of New Orleans by the national forces and before the date of that proclamation. This, under our ruling in *Matthews* v. *McStea*, 20 Wall. 649, is a Federal question.

On the part of the plaintiffs in error, it is contended that the holders of such paper could not lawfully take steps to charge the parties by demand and notice until the proclamation was

made, because up to that time the war existed as a fact, and the parties occupied towards each other the relation of public enemies. All restrictions upon commercial intercourse between Tennessee and New Orleans were removed by an executive order published April 29, 1865, 13 Stat. 776, which was followed by an executive proclamation of similar purport under date of May 22, 1865, id. 757, so that while the war existed as a political fact until June 13, the date of the official announcement of its close, business intercourse between the citizens of the two places was allowed after April 29. Bond, therefore, as the holder of the bill upon which this suit is brought, might properly have demanded its payment by the drawee in New Orleans, and notified his indorser in Tennessee of the nonpayment at any time after that date. Neither his rights nor his duties in this particular were in any manner dependent upon or affected by the proclamation of June 13. We have already decided to the same effect in *Masterson* v. *Howard*, 18 Wall. 105, and *Matthews* v. *McStea*, 91 U. S. 7.

*Judgment affirmed.*